IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLES RANDALL SNIDER, ) | |
|     Plaintiff, ) | |
| ) | Case No. 7:20-cv-00516 |
| v. ) | |
| ) | By: Michael F. Urbanski |
| HOSTESS BRANDS, LLC, and ) | Chief United States District Judge |
| HOSTESS BRANDS SERVICES, ) | |
| LLC, ) | |
|     Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on the defendants'—Hostess Brand, LLC, and Hostess Brands Services, LLC, (collectively "Hostess")—motion to dismiss Count IV of plaintiff Charles Randall Snider's amended complaint.[1] Mot. to Dismiss, ECF No. 12. The motion is fully briefed and the court heard argument on December 4, 2020. ECF Nos. 13, 14, 17, 18. Because Snider's complaint fails to allege sufficient facts to establish the elements of a misrepresentation claim under the Virginia Consumer Protection Act ("VCPA") with the particularity required by Federal Rule of Civil Procedure ("Rule") 9(b), the court will **GRANT** Hostess's motion to dismiss Count IV.

I.   Background

Snider, a resident of Giles County, purchased a box of Hostess Birthday CupCakes from a local business on February 8, 2020. Am. Compl., ECF No. 11 at ¶ 11. It contained eight CupCakes described on the box as "FROSTED YELLOW CAKE WITH CREAMY

---

[1] Hostess also filed a motion to dismiss Count IV of Snider's original complaint on October 5, 2020. ECF No. 6. Snider filed his amended complaint on October 13, 2020. ECF No. 11. Accordingly, the court will **DENY AS MOOT** Hostess's original motion to dismiss, ECF No. 6.

FILLING," each unopened and individually wrapped in airtight plastic. Id. at ¶¶ 12, 17–18. Snider and his family returned home right after the purchase and began to eat the CupCakes. Id. at ¶¶ 19–20. Snider alleges that he opened a CupCake's packaging and then ate it whole, without chewing. Id. at ¶ 23. Immediately after, Snider felt excruciating pain and the presence of something in his throat. Id. at ¶ 24. He ultimately went to the emergency department at Carilion Giles Community Hospital ("CGCH"), where CT imaging showed a foreign object in his throat. Id. at ¶¶ 25–29. Snider was then taken by an ambulance to Carilion Roanoke Memorial Hospital ("CRMH"), where medical professionals placed him under general anesthesia, intubated him, and surgically removed a 3.5-centimeter sewing needle from his throat. Id. at ¶¶ 30–32.

Snider filed his original complaint against Hostess Brands Services, LLC, on August 27, 2020, seeking recovery for past and present suffering from this incident through four counts: negligence, Count I; breach of warranty, Count II; failure to warn, Count III; and violation of VCPA, Count IV. See Compl., ECF No. 1. Snider's amended complaint is mostly unchanged, but names Hostess Brands, LLC, as an additional defendant and adds facts to support Count IV. See Am. Compl., ECF No. 11.

This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as the parties are completely diverse.[2]

---

[2] Snider is domiciled in Giles County, Virginia. Am. Compl., ECF No. 11 at ¶ 1. Defendant Hostess Brands Services, LLC, is a limited liability company organized under the laws of Delaware with its principal place of business in Texas. Id. at ¶ 3. The sole member of Hostess Brands Services, LLC, is defendant Hostess Brands, LLC, which is a limited liability company organized under the laws of Delaware with its principal place of business in Missouri. Id. at ¶ 2; ECF No. 22 at 1. The sole member of Hostess Brands, LLC, is HB Holdings, LLC, whose sole member is Hostess Holdco, LLC, whose sole member is New Hostess Holdco, LLC, and so on—all ultimately owned by Hostess Brands, Inc., which is a Delaware corporation with its principal place of business in Kansas. ECF No. 22 at 1–2.

## II. Applicable Law

Hostess moves to dismiss Count IV of Snider's complaint for failure to allege sufficient facts to support the claim, pursuant to Rules 12(b)(6) and 9(b). See ECF Nos. 12, 13. A motion to dismiss pursuant to Rule 12(b)(6) "tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim[, but] 'it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Allen v. FCA US LLC, No. 6:17-cv-00007, 2017 WL 1957068, at *4 (W.D. Va. May 10, 2017) (citing Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

The VCPA prohibits a supplier from making misrepresentations about its goods or services in connection with a consumer transaction. Va. Code § 59.1-200(A)(1). "Because the VCPA prohibits fraudulent conduct, VCPA claims [brought in federal courts] are subject to the heightened pleading standard of Rule 9(b)." Maines v. Guillot, No. 5:16-cv-9, 2016 WL 3556258, at *3 (W.D. Va. June 6, 2016) (citing Wynn's Extended Care, Inc. v. Bradley, 619 F. App'x 216, 220 (4th Cir. 2015)). Under Rule 9(b), a plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). In other words, a plaintiff must "describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby," commonly referred to as the "who, what when, where, and how of the alleged fraud." Bakery & Confectionary

3

Union & Indus. Int'l Pension Fund v. Just Born II, Inc., 888 F.3d 696, 705 (4th Cir. 2018) (internal quotation marks omitted) (citing U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 379 (4th Cir. 2008). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Moreover, "a number of courts have held that Rule 9(b)'s particularity requirements are less formulaic with fraud claims based on omissions of material fact." Fravel v. Ford Motor Co., 973 F. Supp. 2d 651, 656 (W.D. Va. 2013).

"To state a claim under the VCPA, a plaintiff must allege facts sufficient to show (1) that a fraudulent act or practice, (2) was committed by a supplier, (3) in connection with a consumer transaction." Guillot, 2016 WL 3556258, at *3 (citation and internal quotation marks omitted). In misrepresentation cases like this one, the plaintiff must also allege sufficient facts to demonstrate both reliance and damages. See Owens v. DRS Auto. Fantomworks, Inc., 764 S.E.2d 256, 260 (Va. 2014). When treble damages are sought in a VCPA claim, as they are here, the plaintiff must also allege sufficient facts to show that the supplier's violation was "willful." See id.

### III. Analysis

Snider's complaint fails to allege a VCPA misrepresentation claim with the particularity required by Rule 9(b) for three reasons. First, the amended complaint fails to allege who defrauded him with sufficient particularity. Second, it does not include sufficient allegations that Hostess acted fraudulently. Third, Snider has not adequately plead that he relied on any misrepresentation made by Hostess.

4

### A. Snider Failed to Allege Who Defrauded Him

For his complaint to survive, Snider must be clear about who allegedly defrauded him. "Courts have been quick to reject pleadings in which multiple defendants are lumped together and in which no defendant can determine from the complaint which of the alleged representations it is specifically charged with having made, nor the identity of the individual by whom and to whom the statements were given." Dealers Supply Co. Inc. v. Cheil Industries, Inc., 348 F. Supp. 2d 579, 590 (M.D.N.C. 2004) (quoting McKee v. Pope Ballard Shepard & Fowle, Ltd., 604 F. Supp. 927, 931 (N.D. Ill. 1985)) (internal quotation marks omitted).

Snider argues that this type of group pleading is perfectly allowable, citing Navient Solutions, LLC v. Law Offices of Jeffrey Lohman, No. 1:19-cv-461, 2020 WL 1867939, at *7 (E.D. Va Apr. 14, 2020) and In re Trex Co., Inc. Sec. Litig., 212 F. Supp. 2d 596, 605 (W.D. Va. 2002). But those cases are inapposite. In Navient Solutions, 2020 WL 1867939, at *7, the court allowed group pleading only after the plaintiff identified each specific defendant and their role in the alleged scheme. And in In re Trex Co., Inc., 212 F. Supp. 2d at 604 n. 3, the court considered—and ultimately did not resolve—the fundamentally different question of whether corporate officers and directors alleged to be in daily control of a company may be presumed to be collectively responsible for company-published information. Neither case demonstrates that a plaintiff may treat two separate limited liability companies like a single entity and satisfy the pleading requirements of Rule 9(b), as Snider attempts here.

Even if the corporate structure between Hostess Brands, LLC, and Hostess Brands Services, LLC, is unclear, it is the plaintiff who "nonetheless must better identify the alleged

5

perpetrator of the wrongdoing to meet Rule 9(b)." Rumick v. Liberty Mutual Insurance Co., No. 17 C 2403, 2018 WL 3740645, at *7 (N.D. Ill. Aug. 6, 2018). Snider's treatment of Hostess Brands, LLC, and Hostess Brands Services, LLC, as one entity for purposes of his VCPA claim, without ever identifying each entity's role in the alleged misrepresentation, does not satisfy the requirements of Rule 9(b).

### B. Snider Failed to Allege What Representation Was Fraudulent

Snider must also clearly allege what Hostess fraudulently misrepresented. Here, Snider contends that Hostess fraudulently misrepresented the "Needle-ridden CupCake" as a normal CupCake with yellow cake and cream filling—made solely with sugar, shortening, wheat, milk, soy, and egg, as the label stated. Am. Compl., ECF No. 11 at ¶¶ 59–63, 13–14.

It is true that "concealment…may be the equivalent of a false representation." Lambert v. Downtown Garage, Inc., 553 S.E.2d 714, 717–18 (Va. 2001) (quoting Spence v. Griffin, 372 S.E.2d 595, 599 (Va. 1988)). At the hearing, the plaintiff analogized this case to Fravel v. Ford Motor Co., 973 F. Supp. 2d 651, 657 (W.D. Va. 2013), in which this court found that the plaintiff's VCPA claim met the requirements of Rule 9(b) by alleging that Ford had fraudulently concealed the vehicle's propensity for sudden, unintentional acceleration. That case is factually distinguishable, though, because Fravel had alleged "that Ford knew of the defect with the ETC system through customer complaint databases, field reports, and engineering documents, and consciously decided to conceal this information." Fravel v. Ford Motor Co., 973 F. Supp. 2d 651, 657 (W.D. Va. 2013). Here, Snider does not allege anywhere in his amended complaint that Hostess was ever aware that a foreign object,

6

like a sewing needle, was or could be inside any of the CupCakes that he purchased. Hostess would need to have been aware of the needle in order to conceal it.

"A claim of misrepresentation under the VCPA requires at least that [the p]laintiff allege facts showing that [the d]efendant knowingly made a false statement about [the product at issue] prior to the consumer transaction in which [the p]laintiff purchased it." Allen, 2017 WL 1957068, at *4. Without this requirement, "virtually any products liability suit would also be one for fraud because no manufacturer advertises that its products are defective and unsafe" for consumption. Id. Snider need only plead intent generally under Rule 9(b), but he has failed to plead any facts at all to support an inference of Hostess's fraudulent intent. Accordingly, this court cannot find that he has alleged facts sufficient to show a fraudulent act or practice, as required to state a VCPA claim. See Guillot, 2016 WL 3556258, at *3. As in Allen, "without allegations of specific and knowing misrepresentations by [the d]efendant that were relied upon by the consumer, the [c]ourt will decline to unearth a fraud claim from [the p]laintiff's complaint." 2017 WL 1957068, at *4.[3]

### C. Snider Failed to Allege Reliance

Finally, Snider has failed to allege that he relied on any misrepresentations made by Hostess. Of course, there's an intuitive appeal to the idea that we all rely on companies to not allow foreign objects like sewing needles to end up in the food we purchase from them and eat. But such a vague, generalized notion of reliance would tack on a fraud claim to

---

[3] For these same reasons, Snider has also failed to plead sufficient facts to support a claim for treble damages under the VCPA, which are available for willful VCPA violations. "Willful violations are those that involve knowing and intentional disregard of the protections afforded consumers." Kindred v. McLeod, No. 3:08-cv-00019, 2010 WL 4814360, at *10 (W.D. Va. Nov. 19, 2010) (citation omitted). The amended complaint contains no allegations that Hostess was aware of a needle-like object within one of its CupCakes, much less that Hostess willfully decided not to disclose this to Snider despite the protections afforded consumers under the VCPA.

7

every products liability claim. See, e.g., Gentry v. Hyundai Motor America, Inc., No. 3:13-cv-00030, 2017 WL 354251, at *7 (W.D. Va. Jan. 23, 2017) (dismissing VCPA claim involving vehicle's inaccurate mileage calculator where plaintiff relied on representations in owner's manual, but did not allege that he read the manual or any other similar representation prior to purchasing his vehicle). Here, Snider does not allege that he read the ingredients or any other specific text on the CupCake box and relied on that text as part of his decision to purchase the CupCakes. In fact, Snider does not specifically allege that he was the family member who purchased the CupCakes. "Thus, lacking any allegation that []he relied on the misrepresentation or omission [by Hostess], [Snider] has failed to state a claim under the VCPA." Fravel v. Ford Motor Co., 973 F. Supp. 2d 651, 658 (W.D. Va. 2013).

## IV. Conclusion

Because Snider has failed to allege sufficient facts to support a VCPA claim, the court will **GRANT** Hostess's motion to dismiss Count IV of the amended complaint. The court will also **DENY AS MOOT** Hostess's prior motion to dismiss Count IV of the original complaint given Snider's amended filing. The clerk is directed to send a copy of this memorandum opinion and accompanying order to all counsel of record. An appropriate order will be entered.

It is so **ORDERED**.

Entered: January 15, 2021

Michael F. Urbanski
Chief United States District Judge

8